**Robert McGRATH, et al.,**
**Plaintiffs–Appellees,**

v.

**COUNTY OF NEVADA; and Bill Heafey, Sheriff, Defendants–Appellants.**

**No. 94–15692.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 1994*.

Decided Oct. 3, 1995.

---

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34–4.

Lawrence T. Woodlock, Downey, Brand, Seymour & Rohwer, Sacramento, California, for defendants-appellants.

Richard P. Herman, Laguna Hills, California, for plaintiffs-appellees.

Before: CHOY, BEEZER, and THOMPSON, Circuit Judges.

CHOY, Circuit Judge:

Defendants Nevada County and Nevada County Sheriff, Bill Heafey (collectively "the County"), appeal the district court's award to plaintiffs of $38,061 in attorney's fees pursuant to 42 U.S.C. § 1988. Having jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291, we affirm the district court's award of costs to plaintiffs, but vacate and remand the attorney's fee award.

I.

In the underlying action filed on December 4, 1989, prisoners in California's Nevada County jails ("plaintiffs") brought a civil rights class action pursuant to 42 U.S.C. § 1983, alleging that conditions in the jails violated their rights under the First, Fourth, Eighth, and Fourteenth Amendments of the United States Constitution. Plaintiffs broadly alleged that the jails were overcrowded and that prisoners in the jails had been deprived of the following essentials: beds, seating at meals, clothing, medical, dental, and mental health care, safety, access to attorneys, reasonable visitation, prompt determination of probable cause for detention, and prompt bail determinations. The County concedes that the Nevada County Jail was overcrowded and that it had installed three triple bunk beds in the jail hallways to accommodate the surplus of prisoners. Declarations filed with the plaintiffs' motion for a preliminary injunction demonstrate that prisoners were sleeping and eating on the floor in Nevada County's main jail, the Nevada County Jail.

At the time the plaintiffs' lawsuit was filed, Nevada County had plans in place for the construction of a new and larger jail facility. However, as the County had reported to the district court, the new facility was not expected to be ready for two years. Reporter's Transcript of Proceedings, No. CV–S–89–1658 GEB J at 8 (E.D.Cal. Feb. 22, 1990) (Preliminary injunction hearing). This prediction proved to be accurate; Nevada County prisoners were not transferred to the new

facility until March of 1992, over two years after this action commenced.

In October of 1990, plaintiffs secured a preliminary injunction, which remedied some of the issues raised in the complaint. The County had opposed plaintiffs' motion for a preliminary injunction and submitted its own proposed injunction. After the parties argued the motion before Magistrate Judge John Moulds on February 22, 1990, the parties agreed to a stipulated injunction which they submitted to Judge Moulds on March 6, 1990.[1] Judge Moulds slightly modified the injunction and recommended it to the district court on March 17, 1990. The district court then filed the injunction on October 31, 1990. The injunction imposed a strict population cap on the County jails and required the County to remove all beds from the hallways of the jails, to provide each prisoner with a bed in his or her appropriate classification, to provide dental care according to accepted dental practices for the community, and to provide prompt judicial probable cause hearings. The injunction also required the County to permit plaintiffs' counsel unlimited and unannounced access for the purpose of monitoring compliance.

Plaintiffs' counsel contend that after the preliminary injunction became effective on October 31, 1990, they monitored the County's compliance with the injunction, sought to achieve a permanent injunction, and sought to expand the injunction to address issues not addressed in the preliminary injunction. Two status conferences took place and plaintiffs attempted some discovery. When the prisoners in Nevada County jails were moved to the new facility in March of 1992, the County requested several times that plaintiffs' counsel dismiss voluntarily the case. Taking the position that several issues raised

in the complaint remained unresolved and carried over to the new facility, such as inadequate medical and dental care, plaintiffs did not wish to dismiss voluntarily their complaint. Thus, on May 27, 1992, the County moved to dismiss plaintiffs' action. On December 29, 1992, Judge Moulds recommended dismissing the case on the ground that the new facility mooted plaintiffs' claims, and the district court adopted this recommendation on February 26, 1993.

Following the dismissal, plaintiffs filed a motion for $80,434 in attorney's fees and $2,698 in expenses pursuant to § 1988. This figure represents 277.7 hours of work. Plaintiffs sought San Francisco Bay Area rates of $325 per hour for Richard Herman, Paul Persons, and Paul Comiskey and $150 per hour for local counsel, Steven Munkelt. Included in this request are 20 hours allegedly billed by Herman in pursuing the attorney fee application. Plaintiffs' counsel argued that they litigated this action in a cost-effective manner and that the factors set forth in this circuit's precedent support an award of full fees. In support of their fee request, plaintiffs submitted affidavits from Herman, Persons, and Munkelt, setting forth their experience and background and submitted time and billing records from all four attorneys.

In opposition, the County contended that the plaintiff class is not a "prevailing party" entitled to attorney's fees, and that, even if it were, plaintiffs' counsel are not entitled to any attorney's fees because the litigation was unnecessary. In the alternative, the County argued that any award of fees must be limited to work performed prior to the preliminary injunction[2] and that the number of hours claimed should be reduced.

---

1. In an effort to demonstrate the unreasonableness of the plaintiffs' fee request, the County presents itself as a party who was willing to settle this case from the outset. Although the County may have wished to settle this case expeditiously, it is evident that there were issues which were not immediately resolvable. Most significantly, plaintiffs' preliminary injunction motion sought to cap strictly the population at the County jails. In contrast, the County's proposed injunction contained a population cap that would allow significant exceptions to compliance.

2. Although the district court did not file the preliminary injunction until October 31, 1990, the County used February 2, 1990 as the cut-off date for the time plaintiffs spent on prevailing issues. The County contends that it agreed as of that date to the terms of the injunction. Nonetheless, the stipulated injunction was not submitted to the court until March 6, 1990 and was not in effect until October 31, 1990.

Judge Moulds, who had presided over the case since its inception, found that plaintiffs were the "prevailing party" and recommended granting in part plaintiffs' motion for attorney's fees. Judge Moulds found that the preliminary injunction remedied overcrowded conditions at the Nevada County Jails. However, he concluded that once the preliminary injunction was in place, no further relief was obtained for plaintiffs. Accordingly, Judge Moulds recommended limiting the fee award to hours it found were reasonably spent prior to the entry of the preliminary injunction and in monitoring compliance with the preliminary injunction. It also appears that Judge Moulds recommended granting fees for the hours plaintiffs' counsel spent pursuing the attorney fee application. Judge Moulds recommended that plaintiffs' counsel be compensated for a total of 207.7 hours.

After the County filed objections to Judge Moulds' Findings and Recommendations and plaintiffs filed a response, the district court adopted the Findings and Recommendations. The County timely appealed from the fee award, arguing that the district court's opinion failed to explain adequately its conclusion that 207.7 hours were reasonably expended by plaintiffs' counsel in this case and that this number of hours was excessive.

## II.

We review an attorney's fee award pursuant to 42 U.S.C. § 1988(b) for an abuse of discretion. *Gates v. Deukmejian,* 987 F.2d 1392, 1396 (9th Cir.1992).

There is no dispute that plaintiffs' counsel are entitled to a reasonable attorney's fee for their work in this case; the County has abandoned its argument, made below, that the plaintiff class is not the prevailing party within the meaning of § 1988(b). Nor does the County challenge the reasonableness of the hourly rate employed by the district court. The sole issue before us is whether the district court erred in concluding that plaintiffs should be compensated for 207.7 hours of work.[3]

A district court has discretion to award "a reasonable attorney's fee" to the "prevailing party" in a § 1983 action. 42 U.S.C. § 1988(b). In determining a reasonable attorney's fee, the district court's first step is to calculate a "lodestar" by multiplying the number of hours it finds the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). The district court should exclude hours that were not " 'reasonably expended.' " *Id.* at 434, 103 S.Ct. at 1939 (quoting S.Rep. No. 94–1011, p. 6 (1976) U.S.Code Cong. & Admin.News 1976 at pp. 5908, 5913). In determining what constitutes a reasonable fee, the district court should take into account the factors set forth in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 69–70 (9th Cir.1975), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976), that it finds to be relevant.[4] *D'Emanuele v. Montgomery Ward & Co.,* 904 F.2d 1379, 1383, 1386 (9th Cir.1990).

The second step in the fee calculation is to assess whether the presumptively reasonable lodestar figure should be adjusted on the basis of *Kerr* factors not already subsumed in the initial calculation. *Id.* at 1383.

---

**3.** The plaintiffs argue that even if we find that the district court erred in its fee calculation, we should affirm the fee award using the higher out-of-district rates plaintiffs had requested in their fee application in lieu of the Sacramento hourly rates the district court applied. We decline to address this argument because the plaintiffs did not appeal the district court's decision to apply Sacramento hourly rates.

**4.** In *Kerr,* we held the following factors are appropriate for consideration in determining a reasonable attorney's fee award:
(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.
526 F.2d at 70.

The application of this step is not at issue here.

◼ Although § 1988(b) endows the district court with discretion to determine what constitutes a reasonable attorney's fee, the Supreme Court has directed that "it remains important ... for the district court to provide a concise but clear explanation of its reasons for the fee award." *Hensley,* 461 U.S. at 437, 103 S.Ct. at 1941. If the district court fails to provide a clear indication of how it exercised its discretion, we will remand the fee award for the court to provide an explanation. *D'Emanuele,* 904 F.2d at 1385.

## A. Was an Explanation Provided?

We begin with the County's claim that the district court abused its discretion by not giving *any* explanation for its conclusion that the number of hours it awarded were reasonably expended. This argument ignores the text of the district court's decision. In calculating the lodestar, the district court explicitly set forth reasons for its decision to reduce substantially plaintiffs' claimed hours from the proposed 277.7 hours to 207.7 hours. The district court reviewed plaintiffs' motion for attorney's fees in light of the relevant *Kerr* factors, as we require. *See, e.g., D'Emanuele,* 904 F.2d at 1386. Relevant to determining the reasonableness of the hours counsel expended, the district court considered the novelty and difficulty of the questions involved, the results obtained by the litigation, and the time and labor required. *See Kerr,* 526 F.2d at 70.

Regarding the novelty and difficulty of the questions involved, the district court considered the fact that jail civil rights litigation requires special expertise and that plaintiffs' counsel are experts in the field. As to the results obtained, the district court concluded that the plaintiffs obtained "very substantial relief" by securing a preliminary injunction which alleviated overcrowding at the Nevada County jails, but that no further relief was obtained after the preliminary injunction was imposed. Accordingly, the district court held plaintiffs' counsel were properly compensable only for work reasonably expended in obtaining and monitoring the preliminary injunc-

tion. And, as for the time and labor required by the litigation, the district court noted that counsel filed several pleadings, attended four status conferences, filed a motion to compel, defended against a motion to dismiss, and filed a motion for fees. The district court concluded that the time plaintiffs spent litigating prevailing issues was reasonable:

> While the parties make the usual claim regarding the time and labor expended—plaintiffs maintain that they were understaffed throughout this litigation and defendants suggest plaintiffs were profligate—the hours claimed by plaintiffs counsel are unreasonable only in that they include discrete issues on which plaintiffs did not prevail. The necessary reductions are made and described below.

*McGrath v. County of Nevada,* No. CIV S–89–1658 GEB P at 10 (E.D.Cal. Feb. 1, 1994) ("Fee Award Recommendation"). This statement reveals, contrary to the County's assertion, that the district court considered and rejected the defendants' argument that the fees were excessive due to overstaffing or duplication of effort. Finally, the district court set forth the number of hours it was deducting from each attorney's claim and concluded that 207.7 hours "is a reasonable amount of time in view of the work involved and the results obtained for the plaintiff class." *Id.* at 11.

◼ However, although the district court articulated reasons which generally explained its reasonableness determination for the hours spent prior to plaintiffs' fee application, it did not mention plaintiffs' request for compensation for 20 hours they asserted Herman spent in pursuing the fee application. Work performed on a motion for fees under § 1988(b) is compensable. *Clark v. City of Los Angeles,* 803 F.2d 987, 992 (9th Cir.1986). The district court did not discuss this request. Thus, it is impossible for us to determine whether the request was considered, let alone whether it was granted or why. The failure to discuss the reasonableness of these 20 hours claimed was an abuse of discretion, requiring remand. *See D'Emanuele,* 904 F.2d at 1387–88 (holding that district court abused its discretion when it failed to discuss the reasonableness of hours

claimed for work performed on an attorney's fee motion in an ERISA case). We note that, with the exception of 3.8 hours set forth in Herman's time record which appear relevant to the fee application, plaintiffs submitted no supporting documentation for their claim that 20 hours were *actually spent* in pursuing the attorney's fee motion. The district court may reduce the award where the hours claimed are not adequately documented. *Hensley,* 461 U.S. at 434, 103 S.Ct. at 1940.

## B. Was the Explanation Provided Adequate?

With the exception of hours that may have been awarded for pursuing the fee application, the district court provided reasons for its conclusion that 207.7 hours were reasonably expended in this litigation.[5] The significant question is whether the district court's articulation of its reasons is sufficient to permit meaningful appellate review. *See Deukmejian,* 987 F.2d at 1398.

The district court stated that, in light of the *Kerr* factors discussed above, it deducted hours spent by counsel after the entry of the preliminary injunction on non-monitoring activity. The court deducted 37 hours from Herman's claim, 12.1 hours from Persons' claim, 20.9 hours from Munkelt's claim, and no hours from Comiskey's claim.

▮ We find that the district court insufficiently explained how it arrived at these figures. Our review of the evidence reveals that the district court's stated reasons for deducting these figures do not correspond to the amount of time deducted. Consequently, we cannot discern whether the district court

appropriately exercised its discretion. *See D'Emanuele,* 904 F.2d at 1386 (remanding award of attorney's fees for inadequate explanation in part due to lack of correspondence between matters district court deemed noncompensable and the amount of time actually deducted by the district court); *Cunningham v. County of Los Angeles,* 879 F.2d 481, 485 n. 1 (9th Cir.1988) (rejecting the district court's reduction of hours on the basis of inadequate documentation where the court did not specify what portion of the hours claimed was documented), *cert. denied,* 493 U.S. 1035, 110 S.Ct. 757, 107 L.Ed.2d 773 (1990).

The most obvious example of this lack of correspondence can be found in Munkelt's hours. The district court deducted 20.9 hours from Munkelt's claim, yet his time record indicates that only 6.9 of his reported hours were spent after the preliminary injunction was filed. This deduction is in tension with the district court's explanation that it was only deducting hours expended after the preliminary injunction became effective. We have no way of accounting for the discrepancy. This discrepancy alone is sufficient to require remand.

Another discrepancy not explained by the district court's reasoning lies in Comiskey's claim. The district court deducted no hours from Comiskey's claim. Yet, 8.2 of the total 20.3 hours Comiskey claimed are dedicated to defending against the County's motion to dismiss. Although we are generally in an inferior position to determine which of plaintiffs' counsels' entries relate to "monitoring activity," it is clear to us that hours expended

---

5. In a related argument, the County contends that the court accepted "whole cloth" the plaintiffs' fee request and "uncritically accepted" the representations by plaintiffs' counsel that their fee request was reasonable. With the exception of the compensation requested for the fee application, there is no merit to this argument. The court did not "uncritically accept" the plaintiffs' fee request; rather, it analyzed the request in light of the factors set forth in *Kerr* and awarded less than half of the amount which plaintiffs originally requested. The cases on which the County principally relies highlight the misplaced nature of the County's argument. In *Deukmejian,* 987 F.2d at 1400–01, we held the district court abused its discretion when it "threw up its

hands" and accepted an "arbitrary" ten percent reduction proposed by the fee applicant without independently reviewing the record. And in *Sealy, Inc. v. Easy Living, Inc.,* 743 F.2d 1378, 1385 & n. 3 (9th Cir.1984), we remanded for the district court to conduct a more thorough and detailed inquiry where it adopted wholesale the findings drafted by the plaintiff prevailing party. The court had awarded the entire amount requested by the plaintiff, without analyzing whether the amount was reasonable. *Id.* In contrast to the case at bar, in both *Deukmejian* and *Sealy,* the district court adopted the prevailing party's representations without conducting an independent review of the fee application.

in opposing the County's motion to dismiss cannot constitute work reasonably performed in monitoring the County's compliance with the preliminary injunction. Plaintiffs' opposition to dismissal had nothing to do with monitoring the preliminary injunction. The preliminary injunction expressly pertained only to the Nevada County Jail, the Nevada County Detention Facility, and the Truckee Holding Facility. In March of 1992, all inmates in these facilities were transferred to the newly constructed jail. Although the plaintiffs argued that their claims were still valid because problems that existed in the old jails also existed in the new jail, the district court rejected this contention and found that the plaintiffs' claims were moot. It is also evident that work on the motion to dismiss was not work performed in furtherance of a prevailing issue since the plaintiffs lost the motion. Yet, the district court stated it was disallowing hours spent on non-prevailing issues.

It is also unclear why the district court deducted only 12.1 hours from Persons' claim. Persons spent over 23 hours after the entry of the preliminary injunction on settlement discussions and on drafting a proposed consent decree. Unless the district court found that these activities were monitoring activities, which they do not appear to be, its proffered explanation does not account for the hours it deducted.

## C. The Reasonableness of Plaintiffs' Claimed Hours.

The County further contends that the hours claimed by the plaintiffs are unreasonable and that the district court impermissibly failed to address questions it raised below regarding the accuracy and reasonableness of the plaintiffs' fee application. We will address these arguments in order to provide guidance on remand.

The County argues that the hours plaintiffs claim are unreasonable because their time records reveal inaccuracies and because the number of hours is excessive due to overstaffing, duplication of effort, and the inclusion of hours billed to other cases. As an initial matter, the trial court need not expressly rule on each of the County's objec-tions. *Deukmejian,* 987 F.2d at 1400 (holding "[t]he 'concise but clear' explanation requirement ... does not demand that the court make findings as to each of defendants' specific objections to plaintiffs' billing judgment."). Moreover, the County bears the burden of providing specific evidence to challenge the accuracy and reasonableness of the hours charged. *Gates v. Gomez,* 60 F.3d 525, 534-35 (9th Cir.1995); *see Blum v. Stenson,* 465 U.S. 886, 892 n. 5, 104 S.Ct. 1541, 1545 n. 5, 79 L.Ed.2d 891 (1984).

Regarding the County's challenge to the accuracy of the time records submitted by plaintiffs' counsel, the County did not meet its burden of challenging their accuracy below, and we are limited to reviewing the evidence presented to the district court. *See Gomez,* 60 F.3d at 535.

.Next, as we noted above, the district court rejected the County's claims that the case was plagued by overstaffing and duplication of work. In light of the trial court's familiarity with the underlying litigation, we accord considerable deference to its findings regarding whether hours claimed by prevailing counsel are redundant. *Davis v. City & County of San Francisco,* 976 F.2d 1536, 1544 (9th Cir.1992), *vacated in part on other grounds,* 984 F.2d 345 (1993). We have also recognized that "the participation of more than one attorney does not necessarily constitute an unnecessary duplication of effort." *Kim v. Fujikawa,* 871 F.2d 1427, 1435 n. 9 (9th Cir.1989). In its opposition to the fee motion, the County proposed subtracting 12.4 hours for communications between counsel, reducing by two-thirds the charges for jail inspections, and reducing by 20 hours the time charged for the preliminary injunction hearing. The County faults the district court for not agreeing with its proposed reductions, yet the County offered no evidence to support either the reductions or its claim that the hours originally charged were unnecessary. The County may not rely on conclusory challenges to plaintiffs' evidence. As we recently held in *Gomez,* the county "did not meet [its] ... rebuttal burden of providing specific evidence that plaintiffs' hours were duplicative or inefficient." 60

F.3d at 534. In its reply brief, the County argues that the district court should have compared the work invested in similar cases within the Eastern District of California to determine whether the hours billed were reasonable. It is the County's burden to submit evidence of this kind for the district court's consideration.

Finally, the County asserts that plaintiffs' time records impermissibly include time spent on other cases. For example, the County claimed before Judge Moulds that plaintiffs' counsel "double billed." The County concluded that because Herman and Persons billed court appearances to two different cases on the same day, they must have double billed. There appears to be little merit to this contention, for, in response, the plaintiffs demonstrated that although Herman and Persons attended two hearings on the same day in Sacramento, they billed their time separately to each client. Plaintiffs submitted time sheets to buttress this position. The County also points to time billed relating to habeas corpus petitions of Nevada County prisoners. On remand, the district court should consider whether these hours were reasonably related to this litigation or whether they should be excluded.

### III.

Because we conclude that the district court did not articulate adequately its reasons for concluding that plaintiffs' counsel reasonably expended 207.7 hours in this litigation, we vacate the attorney's fee award and remand for the district court to calculate a reasonable attorney's fee consistent with this disposition. The district court's award of costs to plaintiffs is affirmed, as the County has not challenged the award. The parties shall bear their own costs on this appeal. As appellees are not the prevailing party on this appeal, their request for attorney's fees is denied. 42 U.S.C. § 1988.

AFFIRMED IN PART; ATTORNEY'S FEE AWARD VACATED AND REMANDED.