**Warren J. THOMPSON, Plaintiff,**

v.

**STANDARD INSURANCE COMPANY,
an active Oregon Corporation,
Defendant.**

**No. CIV. 99–6168–TC.**

United States District Court,
D. Oregon.

Sept. 21, 2001.

Gene Barry Mechanic, Giles H. Gibson, Goldberg Mechanic Stuart & Gibson L.L.P., Portland, OR, James D. Vick, Vick & Conroyd, LLP, Salem, OR, for Plaintiff.

Lori R. Metz, Bullivant Houser Bailey PC, Portland, OR, for Defendant.

## ORDER

COFFIN, United States Magistrate Judge.

Plaintiff made a long term disability claim pursuant to a disability insurance plan issued by defendant Standard Insurance Company. Defendant denied the claim and plaintiff challenged the denial. Plaintiff prevailed in this court with a judgment awarding $120,000 in retroactive benefits, over $15,000 in interest and, as long as certain eligibility requirements are met, the continuing ability to receive $2,000 a month until plaintiff is 65, a period of almost a decade.

Presently before the court are plaintiff's motion (# 71) and amended motion (# 80) for attorney fees and costs. Plaintiff seeks

total fees in the amount of $39,415.75 and total costs in the amount of $396.56.

### Procedural Background

Plaintiff has been represented by two successive law firms in this action. The first, Vic & Conroyd, originally filed this action in state court for breach of contract. Defendant removed it to this court asserting federal question jurisdiction based on the contention that the long term disability policy at issue is an employee welfare benefit plan governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. (ERISA).

Plaintiff filed a motion to remand and defendant filed a motion to dismiss which was deemed by the court to be a motion for judgment on the pleadings. The court denied both motions without prejudice to refile. The court also noted the complicated nature of the law at issue, that plaintiff's motion to remand was unclear and at times not responsive to defendant's opposition brief and that future filings needed to be focused, but thorough, and include responses or concessions to all the points raised in the opposing briefs.

Defendant then filed and prevailed on a motion for summary judgment on the grounds that plaintiff's state law claims were preempted by ERISA. The complaint containing state law claims was dismissed, but plaintiff was allowed to and did file an ERISA complaint. Some documents were subsequently exchanged by the parties. Plaintiff's case was then turned over to the law firm of Goldberg, Mechanic, Stuart & Gibson.

### Legal Background

■ In determining a reasonable attorney's fee, the court's first step is to calculate a "lodestar" by multiplying the number of hours it finds the prevailing party reasonably expended on the litigation by a reasonable rate. *McGrath v. County of Nevada,* 67 F.3d 248, 252 (9th Cir.1995) (citation omitted). The court should exclude hours that were not "reasonably expended." *Id.* In determining what constitutes a reasonable fee, the district court should take into account the *Kerr*[1] factors that it finds to be relevant. *Id.* The second step in the fee calculation is to assess whether the presumptively reasonable lodestar figures should be adjusted on the basis of the *Kerr* factors not already subsumed in the initial calculation. *Id.*

■ Plaintiff, as the party seeking fees, has the burden of showing that time spent by his attorneys was reasonably necessary. *Gates v. Deukmejian,* 987 F.2d 1392, 1397 (9th Cir.1992); *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.,* 886 F.2d 1545, 1557 (9th Cir.1989). In order to support a finding of reasonableness the party must document the hours spent in the litigation and provide evidence supporting those hours. *Gates,* 987 F.2d at 1397. Defendant, as the party opposing the fees, must then rebut plaintiff's evidence by "challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Id.* at 1397–98.

■ In deciding what constitutes a reasonable hourly fee, the court must look to the "prevailing market rates in the relevant community." *Blum v. Stenson,* 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). These rates are set by determining what a lawyer of comparable skill, experience and reputation could command in the relevant legal community. *Id.* The fee applicant must "produce satisfactory evidence—in addition to the attorney's own affidavits" that the requested

---

1. Set forth in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 69–70 (9th Cir.1975).

rates are prevailing market rates under this standard. *Id.*

■ In determining the reasonableness of fees, the district court is not required to respond to each specific objection. *Gates* 987 F.2d at 1400. Rather, all that is required is a "concise but clear" explanation of reasons for the fee award. *Id.*

### DISCUSSION

1. *Fees of the Law Firm of Goldberg, Mechanic, Stuart and Gibson*

■ With respect to the fees of the Goldberg firm, plaintiff has demonstrated that he is entitled to reasonable attorney fees and costs in the circumstances of this case pursuant to the attorney fee provisions of ERISA. See Memo in Support (# 72), p.p. 2–3, incorporated herein by this reference. Plaintiff has also demonstrated through a thorough discussion of the 12 *Kerr* factors that the documented time spent by the Goldberg firm was reasonably necessary and that he is entitled to the amount of fees requested. See Memo in Support (# 72), p.p. 3–6, incorporated herein by this reference.[2]

■ Part of defendant's objections to the fees is based on the five factor inquiry set forth in *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir.1980). However, where, as here, it is evident from the order of the court that plaintiff prevailed, it is unnecessary for the court to engage in a discussion of the factors enumerated in *Hummel. Grosz–Salomon v. Paul Revere Life Insurance Co.*, 237 F.3d 1154, 1164 (9th Cir.2001); *Nelson v. E G & G Energy Measurements Group Inc.*, 37 F.3d 1384, 1392 (9th Cir.1994).

Defendant's argument that fees are excessive because this was a "routine" benefits case that "simply involved cross motions" and not a trial is not persuasive. Plaintiff determined through careful analysis of the disability plan, the relevant amendments to it, and the applicable law that, contrary to a defense asserted by defendant, plaintiff's claim was subject to *de novo* review before the court, rather than merely a review for abuse of discretion.

Although defendant was persuaded to stipulate to *de novo* review, it nonetheless moved for summary judgment against plaintiff's ERISA claim. However, as plaintiff asserted in its response and this court found in its Order of May 21st, summary judgment was improper in light of the Ninth Circuit's holding that disability is a question of fact on *de novo* review-a question that is properly determined only by the court through "trial on the record." This court granted plaintiff's cross motion for trial on the record and judgment. In sum, this case was not nearly so "routine" as defendant suggests. Moreover, it was decided as nearly by "trial" as the applicable law allows, and not merely on summary judgment.

As to defendant's argument that the hourly rates are excessive, the fact that defense counsel charges marginally lower rates does not establish that those charged by plaintiff's current counsel are excessive. Defense counsel's rates could reflect competitive pressures unique to marketing insurance defense legal services to "volume" corporate clients such as defendant Standard Insurance Company.

The hourly rates requested for both Gene Mechanic ($250.00) and Giles Gibson ($175.00) are those which they customarily charge clients asserting ERISA benefits

---

**2.** Plaintiff's request for supplemental fees and costs for time incurred by the Goldberg firm in addressing the fee petition and objections thereto and to determine the precise benefits for the amended judgment is also allowed. Supplemental fees amount to $7, 762.50 and supplemental costs amount to $72.50. See Gibson Affidavit (# 91); Reply (# 90), p. 5.

claims. These rates are reasonable on that basis and on that of the other relevant factors including the difficulty of ERISA disability claims; the skill requisite to performing the services properly; the amount involved and the result obtained; and the experience, reputation and ability of the attorneys. Affidavits of two other ERISA attorneys in the community were submitted and indicate that the rates are reasonable.[3] Plaintiff is entitled to fees and cost arising from the Goldberg firm in the amount of $30,953.75 for fees and $147.01 for costs.

2. *Fees of the Law Firm of Vic & Conroyd*

■ Plaintiff apparently seeks $8,457.00 in fees and $249.55 in costs arising from the Vic and Conroyd firm. However, as discussed in the paragraphs below, plaintiff has failed to meet its burden for the recovery of such fees and costs.

Plaintiff has not established that there is a statutory or contractual basis for the fees associated with the dismissed state claims plaintiff initially asserted. These claims made up the entirety of plaintiff's initial complaint and many hours were expended in an attempt to demonstrate their viability.

Plaintiff's requests are not presented in a cohesive, inclusive and straight-forward manner. References to amounts previously and currently requested are not easily reconcilable. Figures are also difficult to tie together as fees and costs are at times intermingled in the narrative portions of affidavits.

Plaintiff has made a request for supplemental fees, but has not provided the documentation for such as required by *Gates, supra*. Plaintiff has not produced the required "satisfactory evidence" indicating that the requested rates are prevailing market rates. James Vic claims $300.00 per hour, but provides absolutely nothing to support such a high hourly rate. Billing detail indicates that Kathryn J. Scott is claiming $135 per hour, but there is absolutely nothing provided in support of this hourly rate. Even determining how long Ms. Scott has been a member of the bar is no easy feat as her signature does not appear on most, if not all, of the filings made to this court.[4]

Although a fraction of the requested fees and costs might be recoverable, plaintiff has failed to meet its burden in this matter. This court is not required, and in fact is not allowed, to meet plaintiff's burden for him, especially when speculation is involved. The request for fees and costs

---

**3.** Defendant also objects to the hourly rate by citing and discussing the five factors from *Hummell, supra*. P.p. 4–6 of Defendant's Objections (# 83). The applicability of such factors in the current analysis is highly questionable, but it is worth noting that defendant states in relation to the factors that it has absolutely no culpability, that there is no need for deterrence and that its initial decision to deny the claim was reasonable and had a factual basis. However, as discussed in the Order of May 21st, the claim denial letters and defendant's initial arguments to this court only addressed a claim for total disability and failed entirely to address plaintiff's claim for partial disability under the insurance plan. In addition, defendant's denial

letters and legal memo to this court did not address plaintiff's evidence demonstrating problems with concentration and sleep. Moreover, defendant's consultant's opinion and defendant's denial of benefits both make "objective medical evidence" of disabling pain an effective prerequisite to an entitlement of benefits under the insurance plan despite the fact defendant had been cautioned as a defendant in another case that such is not appropriate. See Order of May 21st.

**4.** When signing a filed document, members of the bar generally add their bar number. The year of the attorney's admission to the Oregon Bar can be determined from the first two digits of their bar number.

arising from the firm of Vic & Conroyd is denied.

## CONCLUSION

Plaintiff's motion (# 71) and amended motion (# 80) for attorney fees and costs is allowed in part and denied in part. Plaintiff is awarded $30,953.75 in fees and $147.01 in costs.

The fees are reasonable in relation to the success achieved.