Hollynn D'LIL, Plaintiff—Appellant,

v.

GOOD–NITE INN LA JOLLA, INC., a California corporation dba Stratford Inn; Pacifica Stratford LLC, a California limited liability company, Defendants—Appellees.

Hollynn D'Lil, Plaintiff—Appellee,

v.

Good–Nite Inn La Jolla, Inc., a California corporation dba Stratford Inn; Pacifica Stratford LLC, a California limited liability company, Defendants—Appellants.

Nos. 00–56336, 00–56412.
D.C. Nos. CV–99–00367–JNK,
CV–99–00367–JNK.

United States Court of Appeals,
Ninth Circuit.

Argued & Submitted Dec. 5, 2001.

Decided Jan. 7, 2002.

---

3.  *See* Fed.R.Civ.P. 6(a).

4.  *Venegas v. Mitchell,* 495 U.S. 82, 90, 110 S.Ct. 1679, 109 L.Ed.2d 74 (1990).

Berzon, Circuit Judge, dissented and filed opinion.

Before PREGERSON, TASHIMA, and BERZON, Circuit Judges.

## MEMORANDUM *

Hollynn D'Lil appeals the amount of the district court's award of attorneys' fees in her settlement with Good–Nite Inn (doing business as Stratford Inn) and its operating corporation Pacifica Stratford LLC ("Stratford") for violations of her civil rights, the Americans with Disabilities Act ("ADA"), and the California Health and Safety Code. We affirm. Because the parties are familiar with the facts of this case, we recount them only as necessary to explain our decision.

**1. Number of Hours.** The district court's determination of the number of compensable hours was not an abuse of discretion and was accompanied by "a concise but clear explanation," *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), that "g[a]ve at least some indication of how it arrived at the amount of compensable hours for which fees were awarded to allow for meaningful appellate review." *Gates v. Deukmejian,* 987 F.2d 1392, 1398 (9th Cir. 1992).

**2. Reasonable Hourly Rate.** The district court correctly determined the reasonable hourly rate not "by reference to the rates actually charged by the prevailing party," *Schwarz v. Secretary of Health & Human Servs.,* 73 F.3d 895, 908 (9th Cir.1995), but "according to the prevailing market rates in the relevant community," *Blum v. Stenson,* 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984), which typically is the community in which the district court sits, *Davis v. Mason County,* 927 F.2d 1473, 1488 (9th Cir.1991). The district court did not abuse its discretion in concluding that D'Lil did not meet her "burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services," *Jordan v. Multnomah County,* 815 F.2d 1258, 1263 (9th Cir.1987), or of providing any reason to depart from the prevailing community rates.

**3. Stratford's Cross Appeal.** Because Stratford provided no argument or authority to support its cross appeal, we deem

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit Rule 36–3.

the issue abandoned. *Gulf USA Corp. v. Federal Insur. Co.,* 259 F.3d 1049, 1056 (9th Cir.2001).

The decision of the district court is AFFIRMED.

BERZON, Circuit Judge, Dissenting.

BERZON, Circuit Judge.

I disagree with the majority's conclusion that the district court satisfied its obligation to provide an adequate explanation for its fee reduction. Although this court has approved the use of across-the-board percentage reductions of fee awards, use of percentages "neither discharges the district court from its responsibility to set forth a concise but clear explanation of its reasons for choosing a given percentage reduction nor from its duty to independently review the applicant's fee request." *Gates v. Deukmejian,* 987 F.2d 1392, 1400 (9th Cir.1992). In less complicated cases with relatively small fee requests, the district court should be able to consider the briefs and examine the billing records to identify specific inefficiencies "without expending a great deal of judicial time doing so." *Ferland v. Conrad Credit Corp.,* 244 F.3d 1145, 1150 (9th Cir.2001). Even in cases where an across-the board method is appropriate, "there is still the need for the district court to provide, after independent perusal of the record, some explanation for the precise reduction chosen." *Id.*

Although the district court articulated its general concerns about the number of hours requested, it did not explain why it could not identify the specific inefficiencies by reviewing the relatively short billing records. Nor did the court explain why it chose 50% as the across-the-board level of reduction. For at least some of the tasks

performed, the number of hours expended seems reasonable, not excessive by a factor of two. For example, the associate's 17.6 hours expended drafting the memorandum of points and authorities for the fee application appears reasonable in light of her lack of experience and the significantly lower rate at which her time was billed.[1] Because the district court's explanation did not provide an adequate basis on which we could review the amount of fees awarded, I would remand for further explanation. *See McGrath v. County of Nevada,* 67 F.3d 248, 253 (9th Cir.1995).

---

1. The associate's approved hourly billing rate was $145, as compared to lead counsel's rate of $250.