Margaret A. HOFFMAN, an individual, for herself and on behalf of all others similarly situated; Daniel Lopez, Plaintiffs,

and

Mian Alam; Grean Rashod Anderson; Peter Baker; Robert Bolds; Willie Brackens; Sandra Bratton; Robert Briggs; Michael Brown; Daniel Buerman; Mark Burns; Jeanne Byron; Wilson Caylan; Jesus Chacon; Dominic Clesceri; Alejandro Cobian; Samuel Conston; David Corde; Alfredo Fernandez; Christine Fleming; Rudy Flores; Joseph Ghattas; Adrian Griffin; Tianna Hale; Melissa Halsell; Ralph Harris; Michael Hawkins; Trevor Jacobs; Leon Johnson; Robert Kimes; Tonie King; Dennis Kjeldgaard; Jemal Lilly; Andy MacGuire;

Floyd Masker; Joseph Melero; Herbert Miller; Tyrone Morris; Clark Moses; Veronika Mulipola; Neil Nelson; Isidro Olivares; Jesus Ortiz; Phillip Owings; Timothy Owings; Paul Reichert; Tommy Requejo; Josephine Reynoso; Eric Sanchez; Christopher Smith; Betty Taylor; Floyd Thomas; Scott Tudehope; Antelmo Villanueva; Juan Villegas; Michael Vinta; Emmanuel Vorgeas; Larry Walls; Alexander Warren; Dennis Weintz; Jeremy Williams; Walter Williams, Sr., individually and on behalf of all others similarly situated, Appellants,

v.

CONSTRUCTION PROTECTIVE SERVICES, INC., a California corporation, Defendant—Appellee.

Margaret A. Hoffman, an individual, for herself and on behalf of all others similarly situated, Plaintiff,

and

Daniel Lopez, Plaintiff—Appellant,

v.

Construction Protective Services, Inc., a California corporation, Defendant–Appellee.

Margaret A. Hoffman, an individual, for herself and on behalf of all others similarly situated, Plaintiff—Appellant,

and

Daniel Lopez, Plaintiff,

v.

Construction Protective Services, Inc., a California corporation, Defendant—Appellee.

Margaret A. Hoffman, an individual, for herself and on behalf of all others similarly situated; Daniel Lopez, Plaintiffs—Appellants,

v.

Construction Protective Services, Inc., a California corporation, Defendant—Appellee.

Nos. 06–56380, 06–56381, 06–56382, 07–55135.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 16, 2008.

Filed Sept. 4, 2008.

———

Gregory G. Petersen, Petersen Law Firm, Newport Coast, CA, Susan M. Wilson, Jackson Demarco Tidus & Peckenpaugh, Irvine, CA, for Plaintiffs/Appellants/Plaintiffs–Appellants.

Howard M. Knee, Jim D. Newman, Knee Ross & Silverman LLP, Los Angeles, CA, for Defendant–Appellee.

Before: SILVERMAN, RAWLINSON, and M. SMITH, Circuit Judges.

MEMORANDUM *

Class representatives Margaret Hoffman and Daniel Lopez appeal various rulings made by the district court in resolving their action for unpaid wages and missed meal periods.

1. The district court did not commit reversible error in granting judgment as a matter of law on Hoffman's and Lopez's (Hoffman) claims under California Labor Code section 226. We may affirm on any ground contained in the record. *Rivero v. San Francisco,* 316 F.3d 857, 862 (9th Cir.2002). We affirm the district court in this instance because the record contains no evidence that any violation of § 226 was knowing and intentional as required under California law. Indeed, the jury's conclusion that Construction Protective Services, Inc. did not intentionally fail to pay Hoffman all wages due upon termination of employment supports the conclusion that the evidence does not support a finding of knowing and intentional conduct.

2. The district court committed no reversible error in concluding that off-duty meal periods were waived. The ultimate

———

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

determination of waiver is an issue of law, which we review *de novo*. *See, e.g., Ballaris v. Wacker Siltronic Corp.*, 370 F.3d 901, 910 (9th Cir.2004) (discussing similar inquiry under the Fair Labor Standards Act). It was not reversible error for the district court to conclude that it was virtually impossible to provide off-duty meal periods.

3. In view of our companion ruling that the district court did not err in excluding evidence of damages based on the failure to disclose proper calculations under Federal Rule of Civil Procedure 26,[1] any error in applying a one-year statute of limitations period to claims brought under California Labor Code section 226.7 was harmless because no remaining plaintiff had worked for longer than one year.

4. The district court failed to adequately explain its lodestar calculations and its reasons for departing from that presumptively reasonable figure, including discussing the factors to be considered when a party fails to accept a Rule 68 offer. For that reason, remand is appropriate to allow the district court to revisit its award of attorney's fees. *See McGrath v. County of Nevada*, 67 F.3d 248, 254 (9th Cir.1995); *see also Haworth v. Nevada*, 56 F.3d 1048, 1052–53 (9th Cir.1995).

**Affirmed in part and Remanded in part. Each party is to bear its costs on appeal.**

---

1. We address this issue at length in a contemporaneously filed opinion.

