IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 44417

| | | |
|---|---|---|
| NGANSI MAGDALENE SAUER, | ) | 2017 Unpublished Opinion No. 449 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: April 26, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JEFFERSON COUNTY; and | ) | |
| JEFFERSON COUNTY SHERIFF'S | ) | THIS IS AN UNPUBLISHED |
| DEPARTMENT, a division thereof; and | ) | OPINION AND SHALL NOT |
| Officer JOHN CLEMENTS, as an Agent | ) | BE CITED AS AUTHORITY |
| of the Jefferson County Sheriff's Office, | ) | |
| | ) | |
| Defendants-Respondents. | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Jefferson County. Hon. Alan C. Stephens, District Judge.

Judgment awarding costs and attorney fees, <u>affirmed</u> <u>in</u> <u>part</u>, <u>vacated</u> <u>in</u> <u>part</u>, and <u>remanded</u>.

Cox, Ohman & Brandstetter, Chtd.; James A. Herring, Idaho Falls, for appellant. Dean C. Brandstetter argued.

Hall, Angell & Associates, LLP; Blake G. Hall, Idaho Falls, for respondents. Blake G. Hall argued.

---

MELANSON, Judge

Ngansi Magdalene Sauer appeals from the district court's judgment awarding costs and attorney fees in favor of respondents. For the reasons set forth below, we affirm in part, vacate the award of attorney fees, and remand to the district court for further proceedings.

On January 16, 2013, Sauer was stopped by an officer for speeding. The officer pursued Sauer's vehicle with the lights and siren engaged for approximately ninety seconds before Sauer stopped her vehicle. The officer asked Sauer why she did not stop, and Sauer responded that she thought the officer was pursuing another driver. The officer explained that the law required

Sauer to pull to the side of the road any time she sees an emergency vehicle with the lights engaged. After reviewing Sauer's information, the officer returned to Sauer's vehicle and asked her to step outside. Sauer asked whether she was being arrested and why she needed to step out of the vehicle. The officer said he just wanted Sauer to come outside and talk. When Sauer refused, the officer told Sauer she was under arrest and ordered her out of the vehicle. When Sauer refused, the officer opened the door and said he would not remove Sauer if she exited willingly. After Sauer removed her seatbelt, the officer removed Sauer from the vehicle while she verbally protested. Sauer filed a civil complaint against Jefferson County, Jefferson County Sheriff's Department, and Officer John Clements (respondents), alleging a violation of Sauer's civil rights pursuant to 42 U.S.C. § 1983 and a series of state tort claims. Specifically, Sauer claimed that the officer used excessive force by hitting Sauer on the arm and maliciously battering her, causing traumatic injury.

After some discovery, the respondents moved for summary dismissal of Sauer's claims. The district court granted the motion and entered summary judgment in favor of the respondents on all claims. The respondents filed a memorandum seeking costs and attorney fees pursuant to I.R.C.P. 54(d), I.C. § 6-918A, I.C. § 12-117, and 42 U.S.C. § 1988. Sauer filed a motion to disallow attorney fees which, after a hearing, the district court granted in part and denied in part. The district court found that the action was not initiated in bad faith, as required for recovery under I.C. § 6-918A, and disallowed attorney fees pertaining to the state law claims. The district court further found that the claim was brought frivolously, unreasonably, or without foundation, as required for recovery under 42 U.S.C. § 1988 and allowed attorney fees pertaining to the federal claim. Although the respondents admitted that Sauer's federal and state claims were intertwined and could not be separated, the district court recognized that determining the amount of attorney fees to award was within its discretion and awarded 50 percent of the respondents' attorney fees. The district court reasoned that half of the attorney fees were incurred defending the Section 1983 claim because an even split best divided the attorney fees absent additional evidence. Sauer appeals, challenging the award of attorney fees.[1]

---

[1] The district court awarded costs of $5,399.22 and attorney fees of $24,428.00 to the respondents. Sauer does not challenge the award of costs on appeal. Thus, we confine our analysis to the award of attorney fees.

On appeal, Sauer asserts that the district court abused its discretion by failing to apply any standard to determine that 50 percent of the attorney fees the respondents requested were allocable to defense of the Section 1983 claim. Specifically, Sauer contends that the district court's failure to issue findings of fact and conclusions of law to support the award of attorney fees necessitates reversal. Sauer further asserts that the district court failed to analyze whether Sauer's Section 1983 claim was frivolous by determining whether the result was obvious or the claim lacked legal foundation.

In an action brought pursuant to 42 U.S.C. § 1983, the district court is authorized to award attorney fees to a defendant upon finding that the plaintiff's Section 1983 claim was frivolous, unreasonable, or without foundation. *Hughes v. Rowe*, 449 U.S. 5, 14 (1980); *see also* 42 U.S.C. § 1988. However, Section 1988 permits the defendant to receive only the portion of the attorney fees that would not have been incurred but for the frivolous claims. *Fox v. Vice*, 563 U.S. 826, 836 (2011). Thus, where a plaintiff asserts both frivolous and nonfrivolous claims, the district court must conduct a "but-for" analysis to determine what attorney fees would not have been incurred but for the frivolous claims. *Id.* Generally, awards of attorney fees pursuant to 42 U.S.C. § 1988 are reviewed under an abuse of discretion standard. *Nation v. State, Dep't. of Corr.*, 144 Idaho 177, 193, 158 P.3d 953, 969 (2007). However, any elements of legal analysis which figure into the district court's decision are subject to de novo review. *Id.*

In this case, the district court found that Sauer's claims were frivolous, unreasonable, or without foundation and awarded attorney fees pursuant to 42 U.S.C. § 1988. However, the district court did not specify whether only Sauer's federal claims or both her federal and state claims were frivolous. Moreover, it is unclear why the district court found that Sauer's claims were frivolous based on the conclusory findings in the district court's decision. When awarding attorney fees under 42 U.S.C. § 1988, the district court should provide a concise but clear explanation of its reasons for the attorney fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). A case should be remanded if the district court failed to sufficiently explain how it arrived at the attorney fee award. *McGrath v. Cnty. of Nevada*, 67 F.3d 248, 254 (9th Cir. 1995). Thus, the district court erred by failing to explain why Sauer's federal claims were frivolous. On remand, the district court must provide a concise but clear explanation of how Sauer's federal claims were frivolous. If the district court finds that Sauer's federal claims were not frivolous,

3

then no attorney fees may be awarded to the respondents. However, if the district court again finds that Sauer's federal claims were frivolous, then the district court must also determine whether Sauer's state claims were frivolous.

While the district court did find that Sauer's state claims were not brought in bad faith so as to justify an award of attorney fees under I.C. § 6-918A, the district court did not analyze whether the state claims were frivolous. A claim may be frivolous even though the claim is not brought in bad faith. Because a mix of frivolous and nonfrivolous claims triggers the "but-for" analysis, it was necessary for the district court to analyze the frivolity of all claims before awarding attorney fees under 42 U.S.C. § 1988. Thus, the district court erred by failing to analyze whether there were any nonfrivolous claims before awarding attorney fees pursuant to 42 U.S.C. § 1988, which would only authorize an award of attorney fees that would not have been incurred but for frivolous claims. The respondents suggest that the district court made an implied finding that Sauer's state claims were frivolous. Such an implied finding is not supported by the record.

On remand, the applicable legal standard will depend on the district court's findings. If the district court finds that Sauer's federal claims were frivolous but that Sauer's state claims were not frivolous, then 42 U.S.C. § 1988 limits the respondents' recovery to attorney fees that would not have been incurred but for the frivolous federal claims. The respondents are bound by their concession that Sauer's federal and state claims were intertwined and could not be separated. Thus, the respondents would have incurred the same attorney fees defending Sauer's state claims. In other words, the respondents would have incurred all attorney fees in the absence of Sauer's federal claims and no attorney fees would be authorized by 42 U.S.C. § 1988. If, however, the district court finds that Sauer's federal and state claims were frivolous, then *Fox* is inapplicable and the district court may use its discretion to determine an appropriate award of attorney fees. The district court must articulate the basis for its fee allocation.

On appeal, an award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation. Sauer did not request attorney fees on appeal. The respondents did request attorney fees on appeal; however,

4

the respondents are not the prevailing party and therefore are not entitled to attorney fees on appeal.

The district court erred by failing to provide a concise but clear explanation for finding that Sauer's claims were frivolous and by failing to determine whether there were any nonfrivolous claims before awarding attorney fees. Accordingly, we affirm the judgment awarding costs but vacate the award of attorney fees and remand. Costs, but not attorney fees are awarded to Sauer on appeal.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.