**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ATHENA COSMETICS, INC., a
Delaware corporation,

    Plaintiff-Appellee,

v.

AMN DISTRIBUTION, INC., a Delaware
corporation; MOISHE NEWMAN, DBA
Brush Express, an individual,

    Defendants-Appellants,

 and

MARINA LOUISE LANG; SOCAL IP
LAW GROUP, LLP,

    Real-party-in-interest.

No.  22-56178

D.C. No.
2:20-cv-05526-SVW-SHK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted July 12, 2024[]
Pasadena, California

Before: IKUTA and NGUYEN, Circuit Judges, and ANELLO,[***] District Judge.

AMN Distribution, Inc. (AMN) and Moishe Newman appeal from the district court's order granting summary judgment to Athena Cosmetics, Inc. on its breach of contract and trademark counterfeiting claims against AMN and Newman. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The settlement agreement between AMN, Newman, and Athena required, among other things, that AMN and Newman cease manufacturing, marketing, offering for sale, advertising, and promoting "any goods or products with the Athena Cosmetics Marks." On appeal, AMN and Newman do not challenge the district court's ruling that AMN materially breached the settlement agreement by continuing to market Athena-branded products after the agreement went into effect. We therefore affirm the grant of summary judgment on the breach-of-contract claim against AMN on that ground. *Warmenhoven v. NetApp, Inc.*, 13 F.4th 717, 729 (9th Cir. 2021) ("[T]he failure of a party in its opening brief to

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Michael M. Anello, United States District Judge for the Southern District of California, sitting by designation.

challenge an alternate ground for a district court's ruling *given by the district court* waives that challenge." (citation omitted)).

We also affirm the district court's holding that Newman is personally liable for breach of the settlement agreement. There is no genuine dispute of material fact that Newman was an individual doing business under the name Brush Express, and that Brush Express offered Athena-branded products for sale after the settlement agreement took effect. Neither the settlement agreement's mention of Mordechai Hershkop, nor the district court's reference to "Brush Express as operated by AMN Distribution," creates a genuine dispute of material fact as to whether Brush Express is Newman's fictitious business name. The district court also did not err by granting summary judgment without considering the documents Newman now cites on appeal, because those documents were not attached to Newman's opposition to Athena's motion for summary judgment or otherwise brought to the district court's attention. *See NTCH-WA, Inc. v. ZTE Corp.*, 921 F.3d 1175, 1184 n.4 (9th Cir. 2019).

For similar reasons, we affirm the district court's conclusion that Newman is personally liable for trademark counterfeiting.[1] There is no genuine dispute of

---

[1]AMN does not challenge the determination that it is liable for trademark counterfeiting and therefore forfeited any such challenge.

material fact that Brush Express is liable for trademark counterfeiting and that Brush Express is not "a separate legal entity" from Newman. *Ball v. Steadfast-BLK*, 196 Cal. App. 4th 694, 701 (2011) (citation omitted).

The district court did not abuse its discretion in awarding Athena attorneys' fees and costs by virtue of the settlement agreement. *See Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 226 (9th Cir. 2013). AMN and Newman argue that the time Athena's prior counsel spent preparing for trial and in trial was unreasonable, because Athena's counsel caused a mistrial. The district court addressed this argument and deducted the sanctioned attorney's time spent in trial. Although the district court order did not address AMN's and Newman's argument seeking to strike the time Athena's counsel spent serving Newman, and obtaining and defending the subsequent default judgment, "the trial court need not expressly rule on each of the [opposing party's] objections" to the presumptively reasonable fee award calculation. *McGrath v. County of Nevada*, 67 F.3d 248, 255 (9th Cir. 1995). The district court also properly exercised its discretion and reduced the final fee award by ten percent to account for duplicative or excessive billings. The district court did not abuse its discretion by declining to reduce the award even further. *See Muniz*, 738 F.3d at 225–26.

In accordance with the settlement agreement, we award Athena reasonable costs and fees incurred defending this appeal, and we remand to the district court for calculation of this amount.

**AFFIRMED AND REMANDED.**