Bryan Keith HARRIS, Plaintiff–
Appellant,

v.

John MARHOEFER; County of San
Bernardino, Defendants,

and

Brian Alvarez, Individually and as
a Deputy Sheriff, Defendant–
Appellee.

Bryan Keith HARRIS, Plaintiff–Appellee,

v.

John MARHOEFER; County of San
Bernardino, Defendants,

and

Brian Alvarez, Individually and as
a Deputy Sheriff, Defendant–
Appellant.

Nos. 92–56182, 92–56282.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 10, 1994.

Decided May 12, 1994.

David E. Frank, Los Angeles, CA, for plaintiff-appellant-cross-appellee.

Carol D. Janssen, Franscell, Strickland, Roberts & Lawrence, Pasadena, CA, for defendant-appellee-cross-appellant.

Before: BRIGHT,* WIGGINS, and T.G. NELSON, Circuit Judges.

Opinion by Senior Circuit Judge BRIGHT.

BRIGHT, Senior Circuit Judge:

Bryan Keith Harris sought $5 million under 42 U.S.C. § 1983 in damages from six defendants (law enforcement officers and the county employing them) for violation of his constitutional rights arising from an alleged beating Harris sustained following a traffic stop. Harris obtained a $25,000.00 judgment against one defendant, Brian Alvarez, a deputy sheriff. Harris then sought attorney's fees. The district court awarded attorney's fees after reducing the number of hours submitted for duplicative hours and reducing the lodestar figure by 50% for lack of success. The district court awarded costs as requested by Harris.

On appeal, Harris challenges as an abuse of discretion the district court's reduction of the attorney's fees award for lack of success, as well as the court's failure to award attorney's fees for the work done in furtherance of fees under 42 U.S.C. § 1988. Alvarez cross-appeals from the district court's judgment, contending that the court abused its discretion in awarding costs in their entirety. Both Alvarez and Harris seek attorney's fees on appeal as "the prevailing party." We affirm with directions.

* Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

## I. BACKGROUND

Harris' § 1983 action, brought on November 16, 1989, named as defendants the County of San Bernardino, County Deputy Sheriff John Marhoefer and ten unnamed deputy sheriffs. Ultimately the case went to trial against five individual deputies and the County. Harris sought damages totalling $5 million.

At trial, Harris presented evidence that on March 19, 1989, he had been the victim of excessive force following the stop of a vehicle in which he was a passenger. Harris alleged that after sheriff deputies arrested the driver for driving under the influence, Harris sought permission to take the car to avoid it being impounded. According to Harris, Deputy Marhoefer initiated the beating after Harris asked the deputy for his name and badge number upon repeatedly being denied permission to take the car. Marhoefer claimed that he exerted physical force in effecting Harris' arrest for public drunkenness and interfering with an investigation when Harris resisted being taken into custody.

Harris' claim for damages included evidence of bruises and testimony from his physician, Dr. Gerald S. Friedman, that the failure of Harris' kidney, transplanted on August 17, 1988, resulted from the infliction of excessive force. According to Dr. Friedman, a bruise to Harris' shoulder sustained during the altercation caused the release of myoglobin resulting in the kidney failure. Dr. Friedman also testified that prior problems with the transplant were overcome by the time Harris sustained the injuries.

The district court dismissed Harris' *Monell*[1] claim against the County on July 11, 1991. Following a bifurcated trial, the jury returned a verdict on July 16 in favor of four of the deputy sheriffs and against Deputy Alvarez on the issue of liability, finding that Alvarez used "more force than was reasonably necessary to effect plaintiff's arrest." Appellant's Excerpts of Record at 66. The jury then returned a partial verdict as to causation, finding that Alvarez caused damage to Harris, but deadlocked as to the

1. *Monell v. Department of Social Servs. of City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

amount of damages. Following a mistrial on that issue, a second jury awarded Harris damages totalling $25,000.00. Judgment on the verdict was entered July 20, 1992.

Harris thereafter sought attorney's fees and costs totalling $120,819.40, based on the following:

| | |
|---|---|
| 367.75 attorney hours @ $275.00/hour | = $101,131.25 |
| 141.25 paralegal hours @ $45.00/hour | = $6,491.25 |
| out-of-pocket expenses | = $6,115.65 |
| 25.75 attorney hours on fee motion @ $275/hr | = $7,081.25 |
| **total award sought** | = $120,819.40 |

Harris filed his Bill of Costs with the district court on August 10, 1992. The district court, while awarding Harris attorney's fees pursuant to § 1988, granted a reduced award in its "Order on Attorneys' Fees and Costs," entered September 24, 1992:

| | |
|---|---|
| 325.00 hours @ $200.00/hour = $65,000.00 × .50 | = $32,500.00 |
| 115.00 hours @ $45.00/hour | = $5,175.00 |
| out-of-pocket expenses | = $6,115.65 |
| time on fee motion | = $0.00 |
| **total award granted** | = $43,790.65 [2] |

## II. DISCUSSION

### A. Harris' Appeal

■ Harris does not challenge the district court's exercise of discretion in reducing the number of attorney hours reasonably spent on the case. Harris, however, contends that the district court erroneously reduced the lodestar figure for attorney's fees by 50% for lack of success on the ground that Harris failed to obtain the specific dollar amount sought or that the jury did not believe that plaintiff's injuries were as serious as alleged. Harris contends that because he prevailed on the merits by establishing every element of a constitutional violation and then proved substantial damages, the district court engaged in improper considerations.

2. At the hearing on the Motion for Award of Attorney's Fees and Expenses, held August 31, 1992, the district court's comments reflect the following breakdown as to the award of fees and costs:

| | | |
|---|---|---|
| costs | = | $6,115.65 |
| attorneys fees: | | |
| 325 attorney hours @ $200.00 | = | $65,000.00 |
| 115 paralegal hours @ $45.00 | = | $5,175.00 |
| | = | $70,175.00 |
| (reduction for lack of success) | | × .50 |
| | = | $35,087.50 |
| total award | = | $41,203.15 |

"District court awards of attorney's fees under section 1988 are reviewed for abuse of discretion." *Corder v. Gates*, 947 F.2d 374, 377 (9th Cir.1991) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983)). We will overturn an award of attorney's fees only "if it is based on an inaccurate view of the law or a clearly erroneous finding of fact." *Corder*, 947 F.2d at 377.

■ Fee awards pursuant to § 1988 must be reasonable, both as to the number of hours spent in advancing the successful claim(s) and the billing rate per hour. Calculating the lodestar figure is the starting point for determining a reasonable fee. *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). Only in rare instances should the lodestar figure be adjusted on the basis of other considerations. *Cabrales v. County of Los Angeles*, 864 F.2d 1454, 1464 (9th Cir. 1988), *judgment vacated on other grounds*, 490 U.S. 1087, 109 S.Ct. 2425, 104 L.Ed.2d 982 (1989), *previous decision reinstated*, 886 F.2d 235 (9th Cir.1989), *cert. denied*, 494 U.S. 1091, 110 S.Ct. 1838, 108 L.Ed.2d 966 (1990).

Here, although the lodestar figure presumptively provides the accurate measure of reasonable fees, *see Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988), *cert. denied*, 493 U.S. 1035, 110 S.Ct. 757, 107 L.Ed.2d 773 (1990), the district court determined that Harris achieved only partial success based upon the "results obtained," i.e., the amount of damages recovered versus the amount sought, and the number of claims prevailed upon versus the number of claims dismissed or decided in defendant's favor. *See* Reporter's Transcript of Proceedings (8/31/92), at 18–19. "[T]he *degree* of the plaintiff's success in relation to the other goals of the lawsuit is a factor critical to the

Reporter's Transcript of Proceedings (8/31/92), at 15–16, 23.

Alvarez, who drafted the "Order on Attorneys' Fees and Costs," does not contest the grant of fees based on the discrepancy of $2,587.50 ($43,-790.65–$41,203.15) between the oral award and the court's written order.

determination of the size of a reasonable fee, not to eligibility for a fee award at all." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 790, 109 S.Ct. 1486, 1492, 103 L.Ed.2d 866 (1989) (emphasis in original). On review, we conclude that the district court properly exercised its discretion because "the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley*, 461 U.S. at 440, 103 S.Ct. at 1943.

Harris next argues that the district court abused its discretion by failing to award any fees for the legal work done in preparation of the motion for an award of fees sought pursuant to § 1988. Accordingly, Harris seeks $5,150.00 for time spent preparing the fee application (25.75 hours @ $200.00/hour).

■ We also review for abuse of discretion the denial of attorney's fees for work done in furtherance of a prevailing party's § 1988 motion. *Accord Lund v. Affleck*, 587 F.2d 75, 77 (1st Cir.1978).

■ Harris sought an award of attorney's fees based on a total of 393.50 hours, including 367.75 hours incurred on the merits of the § 1983 action and 25.75 hours on the § 1988 motion for fees. From the record before us, we cannot tell whether the district judge included or did not include these 25.75 hours in the fee award. Consequently, we remand this issue to the district court. If the district court included the questioned hours in the fee award, that ruling stands affirmed. Otherwise, the district court should make an additional award for preparing the fee application.

## B. Alvarez's Cross–Appeal

■ In his cross-appeal, Alvarez claims that the district court abused its discretion in awarding plaintiff the entire amount sought for costs. Alvarez first argues that Harris' failure to comply with Central District Local Rule 16.3 [3] precludes the award of costs, as the rule is mandatory and any award for costs pursuant to an untimely Bill of Costs, i.e., filed more than fifteen days from entry of judgment, constitutes an abuse of discretion. In addition, Alvarez contends Harris recovered costs on items that are not allowed under law, specifically 28 U.S.C. § 1920, including costs for the following: service of summons and complaint, service of trial subpoenas, fee for defense expert at deposition, postage, investigator, copying costs, hotel bills, meals, messenger service and employment record reproduction. Lastly, Alvarez asserts that the district court's award included unnecessary costs, as Harris failed to address the necessity of many of the above listed costs as required by Local Rule 16.3.3.

Rule 16.3 does not bar the expenses in question. Under § 1988, Harris may recover as part of the award of attorney's fees those out-of-pocket expenses that "would normally be charged to a fee paying client." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1216 n. 7 (9th Cir.1986), *reh'g denied and opinion amended*, 808 F.2d 1373 (9th Cir.1987); *Laffey v. Northwest Airlines, Inc.*, 746 F.2d 4, 30 (D.C.Cir.1984), *cert. denied*, 472 U.S. 1021, 105 S.Ct. 3488, 87 L.Ed.2d 622 (1985), *overruled on other grounds*, *Save Our Cumberland Mountains, Inc. v. Hodel*, 857 F.2d 1516 (D.C.Cir.1988) (en banc); *see also West Virginia Univ. Hosps., Inc. v. Casey*, 499

---

**3.** Central District of California Local Rule 16.3 provides as follows:

 **Bill of Costs—Filing and Form—Notice.** The prevailing party who is awarded costs shall have fifteen (15) days after entry of judgment to file and serve a Bill of Costs. The Bill of Costs shall be attached to a Notice of Application to the Clerk to Tax Costs.

 **16.3.1. Form of Notice.** The Notice of Application to the Clerk to Tax Costs shall state the hour and date when such application will be made.

 **16.3.2. Time of Application.** The date and time for taxation of costs by the Clerk shall be not less than fourteen (14) nor more than twenty-one (21) days from the date notice is given to the other parties.

 **16.3.3. Form of Bill of Costs.** Each item claimed shall be set forth separately in the Bill of Costs. The prevailing party, his attorney or his agent having knowledge of the facts shall file a declaration with the Bill of Costs. The declaration shall verify that:

(a) The items claimed as costs are correct;

(b) The costs have been necessarily incurred in the case;

(c) The services for which fees have been charged were actually and necessarily performed; and

(d) The costs have been paid or the obligation for payment has been incurred.

U.S. 83, 87–88 n. 3, 111 S.Ct. 1138, 1141 n. 3, 113 L.Ed.2d 68 (1991). Thus reasonable expenses, though greater· than taxable costs, may be proper. Harris' response indicated the questioned items were necessary and reasonable in this case.

In addition, the "expert witness fees" awarded by the district court are not witness fees as contemplated under 28 U.S.C. § 1821, limiting expert witness fees to $40.00 per day. Rather, these are expenses related to discovery that Harris incurred in deposing Alvarez's expert and thus are recoverable expenses as part of the reasonable "attorney's fees" award.[4]

## III. CONCLUSION

Based upon the foregoing, we affirm the district court's award of attorney's fees and costs, except that we remand for further consideration the plaintiff's fee request for the time reasonably spent on the motion for fees.

Additionally, plaintiff-appellant is entitled to fees for defending the cross-appeal. We award him $2,000 in fees but neither party is entitled to tax any costs for this appeal or cross-appeal.

---

**4.** We also reject Alvarez's contention that Harris' untimely filing of his Bill of Costs precludes recovery of those costs, for two reasons: (1) the rule may not apply as most of the disputed items constitute expenses charged as part of the award of attorney's fees and (2) even if Rule 16.3 as to time applies, that requirement does not oust the district court's jurisdiction to consider the allegedly late motion for costs.