76 F.3d 384
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Pablo CARRASCO, Plaintiff-Appellant
v.
CITY OF DOUGLAS, ARIZONA; Charles Austin; Eric Duthie;
Santos Garcia; and Hector Rojas, Defendants-Appellees.
 No. 94-16491.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 7, 1995.*
Decided Dec. 11, 1995.
 
 Before: PREGERSON, BRUNETTI, AND T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pablo Carrasco's Section 1983 complaint alleged that several City of Douglas police officers, acting under color of law, deprived him of his constitutional right to be free from the use of excessive force during booking. Before trial, defense counsel learned that the police department had recorded on video tape the use of excessive force inflicted on Carrasco. The video tape was introduced into evidence. During the pre-trial period, the California state criminal court verdict in favor of police defendants in the "Rodney King" case trial became publicized. Hoping to avoid a similar verdict, Carrasco's counsel studied media coverage of that trial by watching television and reading popular newspapers.
 
 
 3
 The case went to trial and the jury returned a special verdict holding all but one of the defendants liable. The jury then awarded a total of $30,000 in compensatory damages and a total of $200,000 in punitive damages.
 
 
 4
 In a post-trial motion, defendants moved to set aside the punitive damages award and part of the compensatory damages award. In another post-trial motion, plaintiff filed a request for attorney fees and non-taxable costs.[1] On September 23, 1993, the district court filed an order denying defendant's motion as to compensatory damages, but reducing total punitive damages from $200,000 to $10,000. In the same order, the district court denied plaintiff's request for reimbursement for non-taxable out-of-pocket expenses, which included private investigator fees and popular newspaper subscriptions. The district court also set the total award of attorney's fees at $144,392.00. The order is straightforward:
 
 
 5
 Reasonable attorney's fees are awarded as follows:
 
 
 6
 Total attorney's fees claimed $165,686.00
 Less:
 Fees disallowed for media review $27,945
 media contacts 6,495
 ------- - 34,460.00
 $135,226.00
 Paralegal fees 9,166.00
 -----------
 Total amount awarded $144,392.00
 
 
 7
 Plaintiffs now appeal the district court's denial of non-taxable out-of-pocket expenses and attorney's fees for "media review" and "media contact." We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 STANDARD OF REVIEW
 
 8
 In the civil rights context, attorneys' fee awards made pursuant to 42 U.S.C. § 1988 are generally reviewed for an abuse of discretion. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Franceschi v. Schwartz, 57 F.3d 828, 830 (9th Cir.1995).
 
 ANALYSIS
 
 9
 A. Out-of-pocket Expenses.
 
 
 10
 A successful party is entitled to "recover as part of the award of attorney's fees those out-of-pocket expenses that 'would normally be charged to a fee paying client.' " Harris v. Marhoefer, 24 F.3d 16, 19 (9th Cir.1994) (quoting Chalmers v. City of Los Angeles, 796 F.2d 1205, 1216 n. 7 (9th Cir.1986), reh'g denied and opinion amended, 808 F.2d 1373 (9th Cir.1987). As we explained in Harris, "reasonable expenses, though greater than taxable costs, may be proper." Id. at 20 (emphasis added).
 
 
 11
 The majority of out-of-pocket or nontaxable costs here were billings by plaintiff's private investigator ($29,997.37) and subscriptions to popular newspapers ($497.90). The appellant claims that preparation for trial required the assistance of a professional investigator to assist in the in-depth investigation and review of the police department. The popular newspapers were evidently related to defense counsel's "Rodney King" analysis.
 
 
 12
 The district court found that neither one of these nontaxable costs were a "reasonable cost associated with this litigation." In particular, the court found that the investigator "produced little or nothing to further the Plaintiff's case." These expenses, on their face, do not seem to be reasonable costs associated with this litigation. We therefore cannot say that the district court abused its discretion when it denied reimbursement of these costs.
 
 
 13
 B. Attorney's Fees.
 
 
 14
 An attorney's tasks as well as the time spent must be reasonable. In Hensley, the Supreme Court stated:
 
 
 15
 Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here.
 
 
 16
 Hensley, 461 U.S. at 434 (internal quotations omitted). Thus, courts must scrutinize requests for attorney's fees and exclude those hours that are excessive, duplicative or unnecessary.
 
 
 17
 1. Media Review Fees.
 
 
 18
 The appellant requests attorney's fees for approximately 70 hours at $150.00 per hour for reading popular newspapers and watching television. He claims that the newspaper articles and television shows were important in obtaining a favorable verdict because they provided information on "the 'real world' events of the 'Rodney King' case and other law enforcement brutality events." Appellant's Brief at 19. He argues that he "would have been derelict in his duties to his client to have proceeded to litigate this case in a vacuum." Id.
 
 
 19
 The district court apparently found that watching television and reading popular newspapers were not necessary to the litigation of the merits of this case. We agree. Although keeping abreast of national events is undoubtedly worthwhile for any citizen, when billing their clients, lawyers must exercise good "billing judgment." See Hensley, 461 U.S. at 434 (noting that "billing judgment" is an important component in fee setting). Billing 70 hours for the type of "media research" conducted here does not demonstrate good billing judgment. The district court thus did not abuse its discretion when it denied fees for these "media review" activities.
 
 
 20
 2. Media Contact Fees.
 
 
 21
 Appellant also requests $6,495 in fees for attorney time spent contacting the media. He argues that "particular circumstances of this litigation called for the 'use of' the media" in effecting a successful jury verdict for Carrasco. Appellant's Brief at 20. He vaguely asserts that contacting the media resulted in "investigatory leads" and "pressure applied to the City of Douglas as a political entity" to negotiate for settlement "in good faith." Id. at 21.
 
 
 22
 The district court denied the "media contact" fees, explaining in an order filed August 5, 1994 that "the time spent for those matters did not relate to merits of the case." We defer to the district court's findings on this issue. Counsel only asserts tangential links between his contacts with the media and the favorable outcome for his client. Good billing judgment again would counsel against billing these activities because they are not directly linked to the actual litigation of the merits of this case. The district court did not abuse its discretion in not awarding fees for media contact.
 
 CONCLUSION
 
 23
 The district court properly reviewed the request for out-of-pocket expenses and attorney's fees. The district court's decision to deny non-taxable out-of-pocket expenses and fees for media review and media contact because they were unnecessary or otherwise unrelated to the merits of this case was not a clear abuse of discretion.
 
 
 24
 AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The amounts requested were as follows:
 Item Amount Requested
 ----------------------------- ----------------
 Attorney hours & enhancement $169,686.00
 Paralegal hours & enhancement 10,083.15
 Expense for investigator 29,977.37
 Other expenses 8,473.52
 ----------------
 Total Requested $218,220.04
 ----------------
 ----------------