**Epifanio BELTRAN ROSAS, et al., Plaintiffs,**

**v.**

**COUNTY OF SAN BERNARDINO, et al., Defendants.**

**No. EDCV 99–141 RT.**

United States District Court, C.D. California, Eastern Division.

May 5, 2003.

E. Thomas Barham, Shirley A. Ostrow, Law Offices of Barham and Ostrow, Los Alamitos, CA, for Plaintiffs.

Arthur K. Cunningham, Lewis Brisbois Bisgaard & Smith LLP, San Bernardino, CA, for Defendants.

## ORDER GRANTING PLAINTIFFS EPIFANIO BELTRAN ROSAS'S AND ALMITA C. ROSAS'S MOTION FOR AWARD OF ATTORNEY'S FEES

TIMLIN, District Judge.

The Court, Judge Robert J. Timlin, has read and considered plaintiffs Almita C. Rosas ("Almita") and Epifanio Beltran Rosas ("Epifanio") (collectively "Plaintiffs")' motion for an award of attorney's fees pursuant to 42 U.S.C. § 1988 ("Section 1988"); defendants County of San Bernardino, Michael Blay, Dan Braun, Tom Watson, Deputy Elder, and Detective Walsh ("Defendants")' opposition; Plaintiffs' reply; Defendants' surreply; and Plaintiffs' reply to Defendants' surreply. Based on

such consideration, the Court concludes as follows:

# I.

## BACKGROUND

On April 21, 1999, Plaintiffs, represented by attorneys E. Thomas Barham ("Barham") and Shirley A. Ostrow ("Ostrow") (sometimes collectively "attorneys"), filed a complaint claiming the Defendants deprived them of certain constitutional rights in violation of 42 U.S.C. § 1983 ("Section 1983"). A felony complaint against Epifanio was filed in the Superior Court of the State of California for the County of San Bernardino on May 28, 1999 ("criminal action").

On September 13, 1999 plaintiffs Lisa Cruz Galindo, Debbie Galindo and Alfred Lopez Galindo ("Galindos") accepted Defendants' offer to settle under Federal Rule of Civil Procedure 68 ("Rule 68"). On November 3, 1999, a judgment was entered in the amount of $2,500 for each of them against the Defendants. This court awarded the Galindos attorney's fees under Section 1988 in the amount of $15,582 on February 18, 2000 ("February 18 award").

Plaintiffs Almita and Epifanio did not accept the Rule 68 offer. Barham represented Epifanio in the pending criminal action and a state court judge dismissed that action based on insufficient evidence on October 15, 2001. Almita and Epifanio filed a first amended complaint ("FAC") in this action on March 22, 2002. On July 29, 2002, Almita and Epifanio accepted Defendants' settlement offer of $30,000. Plaintiffs now move for an award of attorney's fees pursuant to Section 1988.

# II.

## ANALYSIS

Under Section 1988, the court may award a reasonable attorney's fee to the prevailing party in a Section 1983 action. *See* 42 U.S.C. § 1988 (2003). The district court has broad discretion in determining the appropriate attorney's fee award under Section 1988. *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983); *San Francisco NAACP v. San Francisco Unified Sch. Dist.,* 284 F.3d 1163, 1169 (9th Cir.2002). A reasonable attorney's fee is determined by calculating the "lodestar" figure: the number of hours reasonably expended multiplied by a reasonable hourly rate. *McGrath v. County of Nevada,* 67 F.3d 248, 252 (9th Cir.1995). In calculating a reasonable attorney's fee, the court must take into account the factors set forth in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir.1975), which it finds are relevant. *McGrath,* 67 F.3d at 252.

Defendants concede that Plaintiffs are prevailing parties within the meaning of Section 1988 and entitled to an award of attorney's fees. Defendants contend, however, that Plaintiffs' attorney's fee award request should be reduced because 1) Plaintiffs cannot be compensated for the time Barham spent defending Epifanio in the criminal action, 2) Plaintiffs achieved limited success in this action, 3) Plaintiffs are not entitled to 2/5 of the attorney's fees for attorneys' representation of Plaintiffs and Galindos collectively, and 4) certain portions of the time the attorneys claim they spent on this civil rights action and on the motion for an award of attorney's fees are unreasonable.

## A. Entitlement to an Award of Attorney's Fees for Services Performed by Barham in Representing Epifanio in the Criminal Action.

Section 1988 permits an award of attorney's fees in an action or proceeding to enforce Section 1983. *See* 42 U.S.C. § 1988(b). In *Webb v. Bd. of Educ.,* 471

U.S. 234, 105 S.Ct. 1923, 85 L.Ed.2d 233 (1985), the Supreme Court held that Section 1988 did not permit compensation for attorney's fees incurred representing the plaintiff at an ancillary optional administrative hearing that occurred years before plaintiff commenced a civil rights action. *Id.* at 244; 105 S.Ct. at 1929. The Court did, however, suggest that a court could award attorney's fees for services rendered in ancillary proceedings that are "both useful and of a type ordinarily necessary to advance the civil rights litigation to the state it reached before settlement." *Id.* at 243; 105 S.Ct. at 1928. In *North Carolina Dep't of Transp. v. Crest St. Cmty. Council, Inc.*, 479 U.S. 6, 107 S.Ct. 336, 93 L.Ed.2d 188 (1986), the Court stated that a court cannot award attorney's fees under Section 1988 unless those fees relate to attorney services in proceedings that are "part of or followed by a lawsuit." *Id.* at 14; 107 S.Ct. at 341. The Court appears to have reinforced the concept that a court may award fees for attorney services in ancillary proceedings by reciting the aforesaid quotation from *Webb. Id.* at 15; 107 S.Ct. at 341 (*quoting Webb,* 471 U.S. at 243; 105 S.Ct. at 1928).[1]

Based on *Webb,* the Ninth Circuit has held that attorney services in prior court proceedings that are a necessary prerequisite to resolve a federal civil rights action can be awarded under Section 1988. For instance, in *Bartholomew v. Watson,* 665 F.2d 910 (9th Cir.1982), the court upheld the district court's award of attorney's fees under Section 1988 to a prevailing plaintiff for attorney services performed in state court proceedings. The court reasoned that

since the state court proceedings were initiated after proceedings in the district court were stayed pursuant to abstention under *Railroad Comm'n v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), the state court proceedings were an essential step in the presentation of the plaintiffs' Section 1983 claim. *Bartholomew,* 665 F.2d at 914.

In *G & G Fire Sprinklers, Inc. v. Bradshaw,* 156 F.3d 893 (9th Cir.1998), *rev'd on other grounds by* 526 U.S. 1061, 119 S.Ct. 1450, 143 L.Ed.2d 538 (1999), the plaintiff in a prior suit had entered into a settlement agreement with the state that allowed the plaintiff to refile suit if the state took further action against it. *Id.* at 906. After the state breached the settlement agreement and the plaintiff prevailed in a second lawsuit against the state, the court in the second suit held that attorney's fees were properly awarded to plaintiff for attorney services in the prior lawsuit because they were both "directly related to the present action" and "necessary to achieve the relief finally granted." *Id.* at 908; *cf. Rock Creek Ltd. P'ship v. State Water Res. Control Bd.,* 972 F.2d 274, 279 (9th Cir.1992) (stating that plaintiff could not recover attorney's fee under Section 1988 because the prior administrative proceeding was "not a condition precedent to its entry to federal court").

The Ninth Circuit has not directly addressed the issue whether Section 1988 allows an award of attorney's fees for services in defending a state criminal proceeding, which defense was necessary for success on a Section 1983 claim.[2] The

---

**1.** In other statutory contexts, the Court has permitted awards of attorney's fees for attorney services in administrative proceedings, which services were required for success in the federal action as well. *E.g., Sullivan v. Hudson,* 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989) ( Equal Access to Justice Act); *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986) (Clean Air Act); *New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980) (Title VII).

**2.** The Ninth Circuit has held that a plaintiff suing under Section 1983 may recover com-

Fifth Circuit however, has squarely addressed this issue in *Castellano v. Fragozo,* 311 F.3d 689 (5th Cir.2002), *reh'g en banc granted,* 321 F.3d 1203 (5th Cir.2003), where it affirmed a district court's Section 1988 attorney's fees award for services a plaintiff's attorney performed in defending the plaintiff in a prior state criminal action. *Id.* at 711. The court held that because the plaintiff needed to prevail in the underlying criminal action in order to prevail on his 1983 action for malicious prosecution in violation of the Fourth Amendment, the time spent defending the criminal action was a "necessary prerequisite" to enforcing the provisions of Section 1983 and could be compensated under Section 1988. *Id.* The court opined that the plaintiff's expenditure for attorney services "to defend himself in his criminal trial was, *unquestionably"*, a foreseeable result of defendants' actions, and therefore the district court could exercise its discretion under Section 1988 to compensate the plaintiff for the attorney's fee expense incurred in the criminal trial. *Id.* (emphasis in original).

Similarly, Plaintiffs [3] here seek attorney's fees for work expended by Barham in achieving dismissal of the criminal action against Epifanio before Plaintiffs and Defendants settled their Section 1983 action alleging deprivation of their Fourth Amendment rights based on illegal search and seizure and malicious prosecution.

The Ninth Circuit in *Harvey v. Waldron,* 210 F.3d 1008 (9th Cir.2000), joined other circuits in holding that *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), applies to pending criminal charges such that if a successful Section 1983 claim would necessarily imply the invalidity of a conviction in a pending criminal prosecution, that claim is barred so long as the claimant may potentially be convicted in the pending criminal prosecution. *Harvey,* 210 F.3d at 1014. The court further held that in the case of a Section 1983 claim for illegal search and seizure in violation of the Fourth Amendment, such Section 1983 claim "alleging illegal search and seizure of evidence upon which criminal charges are based does not accrue until the criminal charges have been dismissed or the conviction has been overturned." *Id.* at 1015.

Hence, based on *Harvey,* Plaintiffs' Section 1983 action asserting claims for illegal search and seizure and malicious prosecution in filing the criminal action was not cognizable until the potential for Epifanio to be convicted of the concurrent criminal charges had been extinguished. It was necessary for Barham to perform legal services to cause the criminal action against Epifanio to be resolved successfully in his favor before Plaintiffs could prevail on their Section 1983 claim. Plaintiffs are therefore entitled to an award of attorney's fees under Section 1988 for Barham's services related to defense of the criminal action, which were essential to advance Plaintiffs civil rights action.

Defendants contend that under *Borunda v. Richmond,* 885 F.2d 1384 (9th Cir.1988),

---

pensatory damages for attorney's fees expended in defending a prior criminal action. *Borunda v. Richmond,* 885 F.2d 1384, 1389–90 (9th Cir.1988); *see also Kerr v. City of Chicago,* 424 F.2d 1134, 1141 (7th Cir.1970) ("A plaintiff in a civil rights action should be allowed to recover the attorneys' fees in a state criminal action where the expenditure is a foreseeable result of the acts of the defendant.").

**3.** Although Almita was not a defendant in the criminal action and, therefore, may not seek an award of attorney's fees for Barham's services to Epifanio in the criminal action, the court considers for the purpose of this motion that both Almita and Epifanio collectively seek an award of attorney's fees to both of them jointly for all services by Barham in both the civil and criminal actions.

attorney's fees are recoverable as an element of damages in a Section 1983 action, but cannot be awarded pursuant to Section 1988. *Borunda* did not address the issue whether, pursuant to Section 1988, a court can award attorney's fees for services by plaintiff's counsel in defending a plaintiff in a criminal proceeding against him, which services were necessary to advance the plaintiff's Section 1983 claim. In a footnote, the court did state that the plain language of Section 1988 supports holdings from other courts that Section 1988 does not permit an award of attorney's fees to a plaintiff for services by plaintiff's attorney in defending plaintiff in a criminal action related to the civil proceeding. *Id.* at 1389 n. 4. The court, however, provided no reasoning for this statement and made no reference to *Webb.* Further, the footnote is prior to *Heck* and *Harvey,* and, of course, does not constitute a holding by the court.

The court finds that Barham's services in representing Epifanio in the criminal action were useful and of a type ordinarily necessary to advance Plaintiffs' concurrent civil rights action. Consequently, the court concludes that Barham's fees for his services in the criminal action can be awarded to Plaintiffs in this action under Section 1988 and will exercise its discretion to award such fees.

**B. Plaintiffs' Limited Success in this Action.**

■■■■ The degree of a plaintiff's success in relation to her other goals in a Section 1983 action is a factor in determining a reasonable fee under Section 1988. *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 790, 109 S.Ct. 1486, 1492, 103 L.Ed.2d 866 (1989). A district court can properly reduce an attorney's fee award under Section 1988 based upon the plaintiff's limited success with regard to the amount of damages originally sought and the number of claims upon which she prevailed. *Harris v. Marhoefer,*

24 F.3d 16, 18 (9th Cir.1994). "The district court should 'focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.'" *Corder v. Brown,* 25 F.3d 833, 836 (9th Cir.1994).

Almita and Epifanio originally sought a total of $230,000 in compensatory damages, in addition to punitive damages. They eventually settled with defendants for $30,000, approximately 13 per cent of that sum. Considering the settlement amount and the relation of the number of hours reasonably expended by Plaintiffs' counsel in representing Plaintiffs in both the criminal and civil actions to the significance of the overall relief obtained by Plaintiffs, the court concludes that some reduction is warranted, but does not agree with Defendants' requested 50 per cent reduction of the lodestar amount. In light of Plaintiffs' limited success overall, the court will reduce the overall attorney's fees award by 10 per cent.

**C. Plaintiffs' Entitlement to Two–Fifths of the February 18 Award.**

■■■ In its February 18 award, the court awarded the Galindos three-fifths of the reasonable attorney's fees for the attorneys' services performed for all five plaintiffs. Now that Almita and Epifanio have prevailed on their civil rights action, they seek an award of two-fifths of the attorney's fees for the attorneys' services to all plaintiffs. Defendants contend that Almita and Epifanio should not be awarded the two-fifths because the court in its earlier award did not consider the issue whether fees incurred to defend a criminal case are compensable. The attorney's fees provided in the earlier award, however, were not solely for the attorneys' services in the criminal action. Moreover, the court in its February 18 award did address Defendants' contention in footnote 1, stating that

the work performed in the criminal action was applicable to Plaintiffs' civil rights action. The court, therefore, will award Plaintiffs two-fifths of the fees for attorneys' services for all the plaintiffs as follows:

*Barham*

54.8 hours × $350 per hour × 0.4 = $7672.00, reduced by 10 % = $6904.80.

*Ostrow*

7.3 hours × $300 per hour × 0.4 = $876, reduced by 10% = $788.40.

The total award for this portion of the attorney's fees is $7,693.20

### D. Reasonableness of the Hours Spent on the Civil Rights Action and the Attorney's Fees Motion.

 Finally, the court must determine the lodestar based on the factors set forth in *Kerr*, 526 F.2d at 70. The parties do not dispute the court's previous determination of a reasonable hourly rate for Barham at $350 per hour and for Ostrow at $300 per hour, and the court finds that those rates are reasonable as to the instant motion. Furthermore, although a party is entitled to compensation for all time reasonably expended in preparing a motion for attorney's fees under Section 1988, *Thompson v. Gomez*, 45 F.3d 1365, 1367 (9th Cir.1995), the relative success on the motion for attorney's fees bears on the size of the fees-on-fees award. *Id.* at 1368. The court has reviewed Barham's and Ostrow's reported hours of attorney services and the documentation supporting those expenditures. It finds that the following time periods were not reasonably expended by Barham:[4]

1. 8/25/99–2.2 hours, reduced by 1.5 hours
2. 9/17/99–0.6 hours, reduced by 0.3 hours

3. 9/22/99–2.5 hours, reduced by 2 hours
4. 12/18/99–0.6 hours, reduced by 0.3 hours
5. 10/16/00–0.8 hours, reduced by 0.8 hours
6. 9/9/01–8.2 hours, reduced by 7.7 hours
7. 9/11/01–6.5 hours, reduced by 4 hours
8. 9/28/01–0.8 hours, reduced by 0.5 hours
9. 10/23/01–0.8 hours, reduced by 0.8 hours
10. 10/27/01–0.5 hours, reduced by 0.5 hours
11. 7/31/02–0.8 hours, reduced by 0.4 hours
TOTAL REDUCTION = 18.8 hours

Moreover, some entries in Almita's and Epifanio's itemization of attorneys' service time have been accounted for in the court's February 18 award. Because Almita and Epifanio will be allowed attorney's fees for these time entries as part of the award for attorney services to all plaintiffs relating to the February 18 award, *see* Section II.C., *supra*, the following time entries will be deducted from Barham's attorney services, which are subject to the current calculation of attorney's fees:

1. 6/1/99–0.8 hours.
2. 8/13/99–0.3 hours.
3. 8/25/99–2.2 hours.
4. 9/15/99–1.5 hours.
TOTAL DEDUCTION = 4.8 hours

The court will award Almita and Epifanio attorney's fees for Barham's services as follows: 253.2 hours—23.6 hours = 229.6 hours × $350 per hour = $80,360, reduced by $8,036, or 10% = $72,324.00

---

**4.** The court notes that while other time entries appear to be unreasonably expended as well, Defendants failed to make specific objections of excessiveness to these entries and the court will not sua sponte reduce these time entries. *See United States v. Eleven Vehicles*, 200 F.3d 203, 211–12 (3d Cir.2000) (stating that in a statutory attorney's fee case, a dis-

trict court may not award less fees than requested unless the opposing party makes specific objections); *Gates v. Rowland*, 39 F.3d 1439, 1450–51 (9th Cir.1994) (stating as a reason for rejecting the defendants' contention that an attorney's fee award was invalid, that the defendants failed to make adequate specific objections).

The court will award Almita and Epifanio attorney's fees for Ostrow's services as follows: 25.1 hours × $300 per hour = $7,530, reduced by $753, or 10% = $6,777.00

The attorney's fees the court will award Almita and Epifanio for attorney services under Section 1988 is $79,101.00, plus, $7,693.20, two-fifths of the fees for attorney services for all the plaintiffs, for a total of $86,794.20

## III.

### *DISPOSITION*

ACCORDINGLY, IT IS ORDERED THAT:

1) Plaintiffs' motion for award of attorney's fees under Section 1988 is GRANTED; and

2) the Defendants shall pay to plaintiffs Epifanio Rosas and Almita Rosas the amount of $86,794.20 as reasonable attorney's fees no later than thirty days from the date of this order.