**Debbie I. ROBINS, Petitioner,**

v.

**MATSON TERMINALS, INC., Director, Office of Workers Compensation Programs, Respondent.**

No. 07–72479.

United States Court of Appeals, Ninth Circuit.

Submitted June 19, 2008.*

Filed June 23, 2008.

Joshua T. Gillelan, II, Longshore Claimants' National Law Center, Washington, DC, for Petitioner.

Robert K. Fricke, Goodsill, Anderson, Quinn & Stifel, Honolulu, HI, Carol Dedeo, Associate Solicitor, Michael Niss, U.S. Department of Labor, Office of the Solicitor, Thomas Shepard, Washington, DC, for Respondent.

Before: GOODWIN, RYMER, and IKUTA, Circuit Judges.

## MEMORANDUM **

Debbie Robins, a longshore worker, prevailed in part on a claim against her employer, Matson Terminals, Inc., for disability compensation and medical costs resulting from a work injury. Robins, on behalf of her counsel, requested attorney's fees under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 928(a). She petitions for review of a final order of the Benefits Review Board ("BRB") affirming an Administrative Law Judge's ("ALJ") partial award of attorney's fees in the amount of $9190. We have jurisdiction under 33 U.S.C. § 921(c), and we deny the petition.

The BRB did not err in affirming the ALJ's decision to reduce the lodestar fee by fifty percent or reduce the lodestar hourly rate. The ALJ considered the complexity of the legal issues and the amount of benefits received. *See* 20 C.F.R. § 702.132(a) ("Any fee approved shall be reasonably commensurate with the necessary work done and shall take into account ... the complexity of the legal issues involved, and the amount of benefits awarded...."). In light of Robins's partial success on her claim, the ALJ exercised his discretion in reducing the fee award. *See Hensley v. Eckerhart*, 461 U.S. 424, 436–37, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (a court "may simply reduce the award to account for the limited success"); *see also Harris v. Marhoefer*, 24 F.3d 16, 18–19 (9th Cir. 1994) (upholding a fifty-percent reduction in attorney's fee award where party seeking fees recovered only part of the damages sought).

The ALJ reduced the lodestar hourly rate on Hawaii rates for attorneys with similar experience and law firm shareholder status. The issue of delay was not raised before the ALJ. The BRB did not fail to consider the issue, and based on the record could conclude that the ALJ did not abuse his discretion in arriving at a reasonable fee. *Cf. Anderson v. Dir., Office of Workers Comp.*, 91 F.3d 1322, 1323 (9th

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Cir.1996) (claimant filed supplemental affidavit requesting an increased hourly rate because of delay); *Nelson v. Stevedoring Servs. of Am.*, 29 BRBS 90 (1995) (identifying methods to account for delay). The other bases upon which Robins challenges the ALJ's reduction of the hourly rate are without support in the record.

**PETITION DENIED.**