MEMORANDUM *
Plaintiffs Dream Palace and several of its employees appeal the amount of the district court’s attorney’s fees award to Dream Palace as a prevailing party pursuant to 42 U.S.C. § 1988. We affirm in part, vacate in part, and remand.
We review the district court’s fee award, including its determination regarding Dream Palace’s degree of success in the underlying civil rights litigation, for abuse of discretion. See Harris v. Marhoefer, 24 F.3d 16, 18-19 (9th Cir.1994). Dream Palace prevailed on just four of its original sixteen claims. Given the sheer volume of losses as compared with wins, the district court did not abuse its discretion in concluding that Dream Palace’s success was limited. The district court watched this case “unfold before [it]” and was thus in the best position to determine the significance of these wins “in comparison to the scope of the litigation as a whole.” Harris, 24 F.3d at 18-19; see Romberg v. Nichols, 970 F.2d 512, 523-24 (9th Cir.1992), vacated on other grounds by Nichols v. Romberg, 506 U.S. 1075, 113 S.Ct. 1038, 122 L.Ed.2d 348 (1993).
Dream Palace challenges various aspects of the district court’s lodestar calculation. With respect to the rates component, the district court sufficiently and concisely explained the basis by which it calculated reasonable hourly rates for Dream Palace’s various attorneys, and its calculation is supported by the record. See Moreno v. City of Sacramento, 534 F.3d 1106, 1116 *344 (9th Cir.2008); Carson v. Billings Police Dep’t, 470 F.3d 889, 892-93 (9th Cir.2006).
Dream Palace also challenges the hours component of the lodestar on numerous grounds. We largely affirm the district court’s discretionary calibration of compensable hours in accordance with its determination regarding the degree of Dream Palace’s success. See Hensley v. Eckerhart, 461 U.S. 424, 434-40, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); Caudle v. Bristow Optical Co., Inc., 224 F.3d 1014, 1029 (9th Cir.2000). However, the district court’s decision not to award fees for work performed in the district court on issues that Dream Palace lost in district court but won on appeal was improper. See Cabrales v. County of Los Angeles, 935 F.2d 1050, 1052-53 (9th Cir.1991). Although Dream Palace’s success was limited, it was at minimum entitled to attorney’s fees for all work reasonably expended on those claims on which it ultimately prevailed, during all phases of the litigation. See id. We recognize that, in denying Dream Palace’s Motion to Alter or Amend Judgment on Attorney Fees, the district court indicated that it did take this work into account, but in this one sense we conclude that the district court has undervalued Dream Palace’s level of success. Accordingly, we conclude that Dream Palace is entitled to an additional $13,905.40 in fees for work performed at the district court level on its challenges to provisions of the ordinance banning “specific sexual activities” and requiring public disclosure of performers’ identities.[1]
We reject Dream Palace’s remaining challenges to the district court’s calculation of compensable hours, as it was within the district court’s discretion to reduce the reasonable hours component so as to incorporate Dream Palace’s limited success into the lodestar itself. See Hensley, 461 U.S. at 436-37, 103 S.Ct. 1933; Webb v. Ada County, Idaho, 195 F.3d 524, 526 & n. 1 (9th Cir.1999); U.S. v. $12,248 U.S. Currency, 957 F.2d 1513, 1520 (9th Cir.1991). Likewise, it was within the district court’s discretion to reduce the overall fee award to reflect a relative lack of success by excluding reimbursement for Dream Palace’s costs. See Hemmings v. Tidyman’s Inc., 285 F.3d 1174, 1199-1200 (9th Cir.2002); Schwarz v. Secretary of Health & Human Servs., 73 F.3d 895, 906 (9th Cir.1995).
Finally, it was within the district court’s discretion to manage its docket by establishing a firm deadline for any further filings in this protracted litigation and thereafter excluding from consideration Dream Palace’s “First Supplemental Fees Application” as untimely. See S. Cal. Edison Co. v. Lynch, 307 F.3d 794, 807-08 (9th Cir.2002); see also United States v. Real Prop. Known as 22249 Dolorosa Street, Woodland Hills, Cal., 190 F.3d 977, 985 (9th Cir.1999).
Accordingly, we vacate the court’s final order awarding Dream Palace $25,473.45 in fees and remand with directions to enter a modified fee award of $39,378.85, in accordance with this disposition. Under the circumstances, no further adjustment appears appropriate to us, nor should any further fees be awarded for time spent pursuing the fee application itself or this appeal. Each side is to bear its own *345 costs.[2]
AFFIRMED in part; VACATED in part and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. This figure encompasses 2.6 hours of work by John H. Weston at a rate of $350/hour, 38.7 hours of work by G. Randall Garrou at a rate of $275/hour, and 21.39 hours of work by assorted other attorneys at a rate of $110/ hour. Since the district court accepted as reasonable the hours Dream Palace alleges its attorneys spent on the various claims in this litigation, we do as well.

. Dream Palace filed a motion with this court for leave to file an oversized brief, and this court granted the motion in part, permitting Dream Palace to file a brief not exceeding 21,000 words. Dream Palace's subsequent motion for reconsideration from this court's order directing the elimination of 7,275 words from its oversized brief was denied. Thereafter, Dream Palace filed a brief containing a certificate of compliance signed by Dream Palace’s attorney indicating the brief contained 20,998 words. At oral argument, Dream Palace acknowledged that this figure does not include approximately twenty additional pages in "addenda” and "exhibits" included in the brief. These pages are essentially additional argumentation that by any measure should have been included in the main body — and confined to the word limitations — of the brief. The court strongly disapproves of this flagrant attempt to circumvent both our court orders and F.R.A.P. 32(a)(7)(B)(I), and admonishes Dream Palace's counsel to desist from engaging in such practices in the future.